---

*IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY MARYLAND*

**KENYON DEVON AMES**

Plaintiff,

1021 Elden St

Herdon, VA 20170

v.

Case no.
C-15-CV-25-000335

**ENTERPRISE HOLDINGS, INC.;**

Defendant.

2273 Research Blvd, FL 7

Rockville, MD 20850-6248

FILED

JAN 2 3 2025

Clerk of the Circuit Court
Montgomery County, Md.

**Serve on MARK P SUNDERLAND**,

[2273 Research Blvd, FL 7, Rockville, MD 20850-6248]

---

### **COMPLAINT FOR RETALIATION AND DISCRIMINATION**

Plaintiff, **Kenyon Devon Ames**, by and through the undersigned, files this Complaint against Defendant, **Enterprise Holdings, Inc.**, and alleges as follows:

---

### **III. FACTUAL BACKGROUND**

5. Plaintiff was employed by Defendant as a DOT driver and consistently performed his duties in a professional manner.

6. In July 2024, Plaintiff raised **safety concerns** regarding the absence of height stickers on DOT trucks, fearing potential accidents with low-clearance bridges.

7. Plaintiff's supervisor, **Richard Earp**, directed him to proceed with the vehicle delivery despite safety concerns, instructing him to estimate the height using a shell gas station.

8. Plaintiff escalated his concerns to Human Resources, leading to an internal investigation which concluded the concerns were unfounded.

9. Unsatisfied with the company's response, Plaintiff reported the issue to OSHA, Maryland Occupational Safety and Health (MOSH), and the Virginia State Police. These agencies also dismissed the concerns but confirmed Plaintiff's right to report safety issues without retaliation.

10. Following these reports, Defendant began scrutinizing Plaintiff's actions, seeking grounds for termination in retaliation for raising safety concerns.

11. On December 19, 2024, Plaintiff rented a vehicle from Enterprise, pre-paying approximately $517, including a $300 security deposit. Plaintiff retained the vehicle until January 2, 2025.

12. On December 30, 2024, Plaintiff received a call from the Maryland Area Manager, demanding that he update the payment or return the vehicle. Plaintiff inquired about the policy requiring the maintenance of the deposit but received no clear response.

22. Defendant added a retaliatory statement in Plaintiff termination letter "It also revealed additional instances in which you exhibited uncooperative, unprofessional, and unsettling/escalated behavior."

23. Plaintiff is employed in Maryland, an at will state. Such behaviors would have led to automatic termination.

24. Plaintiff received a positive performance review in December 2024, with no mention of alleged behavioral issues, further supporting the retaliatory nature of his termination.

---

### **IV. CLAIMS FOR RELIEF**

#### **COUNT I – RETALIATION**

*(Violation of OSHA 29 U.S.C. § 660(c), Title VII of the Civil Rights Act, and Maryland state law)*

25. Plaintiff re-alleges and incorporates by reference paragraphs 1-24.

26. Plaintiff engaged in a protected activity by reporting workplace safety concerns internally and to outside agencies.

27. Defendant retaliated against Plaintiff by subjecting him to increased scrutiny, false accusations, and termination.

28. Defendant's stated reason for termination—improper conduct—was a pretext to disguise the retaliatory motive tied to Plaintiff's safety concerns.

WHEREFORE, Plaintiff prays that the Court award the following:

1. **Punitive Damages** in the amount of $300,000.00.

2. Costs associated with the filing of this suit.

3. Any additional relief that the Court deems fair and just.

---

*[signature]*
Signature

**Dated**: [January 23, 2025]

**[Kenyon Devon Ames]**

[1021 Elden St Herdon, VA 20170]

[240-750-8040]

[Kinghallmark@aol.com]

**Plaintiff**

---