---

*IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY MARYLAND*

**KENYON DEVON AMES**

Plaintiff,

1021 Elden St

Herdon, VA 20170

v.

Case no. C-15-CV-25-000335

FILED
JAN 23 2025
Clerk of the Circuit Court
Montgomery County, Md.

**ENTERPRISE HOLDINGS, INC.,**

Defendant.

2273 Research Blvd, FL 7

Rockville, MD 20850-6248

**Serve on MARK P SUNDERLAND**,

[2273 Research Blvd, FL 7, Rockville, MD 20850-6248]

---

### **COMPLAINT FOR RETALIATION AND DISCRIMINATION**

Plaintiff, **Kenyon Devon Ames**, by and through the undersigned, files this Complaint against Defendant, **Enterprise Holdings, Inc.**, and alleges as follows:

---

### **I. JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to:

- **Title VII of the Civil Rights Act of 1964,** 42 U.S.C. § 2000e et seq., which prohibits discrimination based on race and gender.

- **42 U.S.C. § 1981,** which prohibits racial discrimination in contracts and employment.

- **The Maryland Fair Employment Practices Act (FEPA),** Md. Code, State Gov't § 20-601 et seq.

- **The Occupational Safety and Health Act (OSHA),** 29 U.S.C. § 660(c), which protects employees from retaliation for reporting safety concerns.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the acts giving rise to this Complaint occurred in the State of Maryland, where Defendant conducts business and Plaintiff was employed.

---

### **II. PARTIES**

3. Plaintiff, **Kenyon Devon Ames**, is a Black American male who was employed by Defendant as a DOT driver from December 2022 to January 17, 2025.

4. Defendant, **Enterprise Holdings, Inc.,** is a corporation headquartered at [2273 Research Blvd, FL 7, Rockville, MD 20850-6248] and operates business locations in the State of Maryland.

---

### **III. FACTUAL BACKGROUND**

5. Plaintiff was employed by Defendant as a DOT driver and consistently performed his duties in a professional manner.

6. In July 2024, Plaintiff raised **safety concerns** regarding the absence of height stickers on DOT trucks, fearing potential accidents with low-clearance bridges.

7. Plaintiff's supervisor, **Richard Earp**, directed him to proceed with the vehicle delivery despite safety concerns, instructing him to estimate the height using a shell gas station.

8. Plaintiff escalated his concerns to Human Resources, leading to an internal investigation which concluded the concerns were unfounded.

9. Unsatisfied with the company's response, Plaintiff reported the issue to OSHA, Maryland Occupational Safety and Health (MOSH), and the Virginia State Police. These agencies also dismissed the concerns but confirmed Plaintiff's right to report safety issues without retaliation.

10. Following these reports, Defendant began scrutinizing Plaintiff's actions, seeking grounds for termination in retaliation for raising safety concerns.

11. On December 19, 2024, Plaintiff rented a vehicle from Enterprise, pre-paying approximately $517, including a $300 security deposit. Plaintiff retained the vehicle until January 2, 2025.

12. On December 30, 2024, Plaintiff received a call from the Maryland Area Manager, demanding that he update the payment or return the vehicle. Plaintiff inquired about the policy requiring the maintenance of the deposit but received no clear response.

13. During a subsequent call with Manager-in-Training **Lindsay Ross**, Plaintiff used profanity out of frustration. Ms. Ross later texted Plaintiff. Plaintiff was apologetic about the use of profanity that was used on the phone call during the text conversation. Ms. Ross responded, referring to him as an "ass."

15. On January 17, 2025, Plaintiff was terminated for alleged "improper employee conduct," citing the profanity incident but omitting Ms. Ross's retaliatory actions.

16. Plaintiff sent an email to **Mark Sunderland** on January 17, 2025, outlining the profanity from Ms. Ross.

17. Ms. Ross did not face any disciplinary actions from Defendant for "improper employee conduct" in using profanity in retaliation.

18. Defendant's termination letter also falsely stated that Plaintiff used profanity with the Area Manager, which Plaintiff denies.

19. Plaintiff was not informed of any internal investigation and was terminated based on fabricated, and loosely true allegations.

20. Plaintiff asserts Defendant exaggerated this incident and used it as pretext for his termination.

21. Plaintiff asserts that Defendant selectively enforced company policies against him based on his race, gender, and job position while failing to hold similarly situated employees to the same standard.

22. Defendant added a retaliatory statement in Plaintiff termination letter "It also revealed additional instances in which you exhibited uncooperative, unprofessional, and unsettling/escalated behavior."

23. Plaintiff is employed in Maryland, an at will state. Such behaviors would have led to automatic termination.

24. Plaintiff received a positive performance review in December 2024, with no mention of alleged behavioral issues, further supporting the retaliatory nature of his termination.

---

### **IV. CLAIMS FOR RELIEF**

#### **COUNT I – RETALIATION**

*(Violation of OSHA 29 U.S.C. § 660(c), Title VII of the Civil Rights Act, and Maryland state law)*

25. Plaintiff re-alleges and incorporates by reference paragraphs 1-24.

26. Plaintiff engaged in a protected activity by reporting workplace safety concerns internally and to outside agencies.

27. Defendant retaliated against Plaintiff by subjecting him to increased scrutiny, false accusations, and termination.

28. Defendant's stated reason for termination—improper conduct—was a pretext to disguise the retaliatory motive tied to Plaintiff's safety concerns.

29. As a result of Defendant's unlawful actions, Plaintiff has suffered emotional distress, loss of income, and reputational harm.

---

#### **COUNT II – RACE, GENDER, AND POSITION DISCRIMINATION**

*(Violation of Title VII of the Civil Rights Act, 42 U.S.C. § 1981, and Maryland FEPA)*

30. Plaintiff re-alleges and incorporates by reference paragraphs 1-24.

31. Plaintiff, an African American male DOT driver, was treated less favorably than similarly situated employees outside his protected classes, including Manager-in-Training Lindsay Ross, a Caucasian woman.

32. Defendant discriminated against Plaintiff by applying company policies inconsistently, failing to discipline Ms. Ross for similar conduct, and terminating Plaintiff based on discriminatory pretext.

33. Plaintiff's termination was motivated by racial and gender bias, and he was denied equal treatment under Defendant's disciplinary policies.

34. As a result of Defendant's discriminatory practices, Plaintiff has suffered financial and emotional damages.

---

### V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court award the following:

1. **Punitive Damages** in the amount of $300,000.00.

2. Costs associated with the filing of this suit.

3. Any additional relief that the Court deems fair and just.

---

*[signature]*
Signature

**Dated**: [January 23, 2025]

**[Kenyon Devon Ames]**

[1021 Elden St Herdon, VA 20170]

[240-750-8040]

[Kinghallmark@aol.com]

**Plaintiff**

---