UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| **KENYON DEVON AMES,** ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | Case No. 8:25-cv-01585-DLB |
| ) | |
| **ENTERPRISE RAC COMPANY** ) | |
| **OF MARYLAND, LLC** ) | |
| ) | |
| *Defendant.* ) | |
| ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Enterprise RAC Company of Maryland, LLC ("Enterprise") submits this Memorandum in Support of its Motion to Dismiss all claims asserted against it in the Complaint filed by Plaintiff Kenyon Devon Ames. As shown below, Plaintiff's retaliation claim must be dismissed because the Occupational Safety and Health Act does not provide a private right of action for retaliation. Furthermore, Plaintiff's claims of race and gender discrimination also must be dismissed because Plaintiff has failed to sufficiently plead facts to make such a claim plausible, in part because he fails to provide sufficient allegations that other employees were similarly situated. For the reasons set forth below, Enterprise respectfully requests that Plaintiff's Complaint be dismissed.

### I. BACKGROUND

Solely for purposes of this Motion under Rule 12(b)(6), the following facts from the Complaint are taken as true. Plaintiff was employed by Enterprise from December 2022 to January 17, 2025 in various capacities, most recently as a driver. Compl. ¶ 3. In July 2024, Plaintiff raised a subjective concern that the trucks he was driving should have a sticker identifying

1

the height of the vehicle. *Id.* ¶ 6. After Enterprise investigated, Plaintiff was informed that his concerns were unfounded as there was no legal requirement to maintain such stickers. *Id.* ¶ 7-8. Dissatisfied with that response, Plaintiff purportedly raised his concerns also with the federal Occupational Safety and Health Administration, the Maryland Occupational Safety and Health Administration and the Virginia State Police. *Id.* ¶ 9. Those agencies also found his concerns to be unsubstantiated. *Id.* About six months later, in December 2024, Plaintiff received a positive performance review. *Id.* ¶ 24.

At the end of 2024, Plaintiff rented a vehicle from Enterprise and pre-paid "approximately $517." *Id.* ¶ 11. Plaintiff then retained and used the rental vehicle for two weeks. *Id.* Presumably because the amount paid did not cover the length of the rental, on December 30, 2024, an Enterprise Area Manager contacted Plaintiff regarding Plaintiff's ability to retain the rental car without updating the payment. *Id.* ¶ 12. In the midst of those discussions, Plaintiff called Enterprise and an Enterprise employee Lindsay Ross answered the phone. *Id.* ¶ 13. During that phone call with Ms. Ross, Plaintiff, by his own admission, "used profanity out of frustration." *Id.*

On January 17, 2025, Plaintiff's employment was terminated for improper employee conduct, in part because of Plaintiff's use of profanity with Ms. Ross and his use of profanity in conversations with the Area Manager. *Id.* ¶ 15.

Plaintiff now brings claims for retaliation and discrimination, alleging that his termination was either motivated by retaliation for raising his subjective concern about height stickers in violation of the Occupational Safety and Health Act or motivated by gender and race discrimination because Ms. Ross was not also terminated, even though she allegedly referred to Plaintiff as an "ass" in a subsequent text message. *Id.* ¶ 13.

## II. STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, a Plaintiff must allege enough facts "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Robinson v. Am. Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009). A court should dismiss a complaint for failure to state a claim if the Plaintiff has not set out "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. Plausibility requires more than the "sheer possibility that a Defendant has acted unlawfully" and "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 570). Pleadings that are "no more than conclusions are not entitled to the assumption of truth." *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)). Accordingly, legal arguments and legal conclusions contained in a complaint should receive no weight from a court considering a Fed. R. Civ. P. 12(b)(6) challenge. *Twombly*, 550 U.S. at 555. Plaintiff's *pro se* status neither excuses him of his obligation to state a plausible claim nor transforms the court into his advocate. *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016).

## III. ARGUMENT

As best can be derived from his Complaint, Plaintiff brings a claim for retaliation under the Occupational Safety and Health Act, 29 U.S.C. § 660(c) ("OSH Act") and a claim for race and gender discrimination under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*("Title VII"), 42 U.S.C. § 1981 ("Section 1981"), and the Maryland Fair Employment Practices Act ("MFEPA"). Plaintiff's claims fail because: (a) there is no private right of action under the OSH Act to support Plaintiff's retaliation claim; and (b) Plaintiff fails to state a claim upon which relief can be granted for his discrimination claims.

A.  **Plaintiff's Retaliation Claim Is Flawed as OSH Act Has No Private Right of Action.**

Plaintiff's purported claim alleging retaliation under the OSH Act fails to state a claim upon which relief can be granted because it is well-established that the statute does not provide a private right of action. *See* 29 U.S.C. § 660(c). Rather, the OSH Act addresses complaints through an administrative process. As Judge Bredar recently observed:

> The relevant provision governing OSHA complaints does not provide a private right of action. *See* 29 U.S.C. § 660(c); *see also Doe I v. Scalia*, 58 F.4th 708, 711 (3rd Cir. 2023) ("In general, OSHA, rather than private litigants, is responsible for assuring workplace safety. In furtherance of that objective, the OSH Act funnels safety grievances through OSHA's administrative processes.").

*Burnett v. BJ's Wholesale Club, Inc.*, 722 F. Supp. 3d 566 (D. Md. 2024) (quoting *Burnett*, 2023 WL 2414492, at *4 (D. Md. 2023)), *aff'd*, 2024 WL 3042902 (4th Cir. 2024). As Judge Rubin noted: "Courts routinely conclude that '[t]he OSHA statute does not create a private right of action, meaning that a private citizen cannot sue for an OSHA violation even where he is injured.'" *Burnett v. Aldi, Inc. Maryland*, 2024 WL 51129 (D. Md. 2024) (quoting *Changamire v. Baltimore City Bd. of Sch. Commissioners*, 2023 WL 5984016, at *3 (D. Md. 2023)).

"Thus, to the extent that Plaintiff can be understood to be attempting to assert claims under the OSH Act for violations of OSHA standards, those claims are deficient as a matter of law." *Burnett,* 722 F. Supp. 3d at 580. For these reasons, Plaintiff's retaliation claim under the OSH Act must be dismissed with prejudice under Federal Rule of Civil Procedure 12(b)(6).[1]

B.  **Plaintiff Fails to State a Cause of Action for Race or Gender Discrimination.**

Similarly, Plaintiff's claims for discrimination under Title VII, Section 1981, and MFEPA should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). To survive a motion to

---

[1] Plaintiff also appears to attempt to rely upon Title VII for his retaliation claim, but reporting alleged OSH Act violations would not be protected activity under Title VII. 42 U.S.C. § 2000e-3.

dismiss, Plaintiff must state sufficient facts from which the Court can infer the plausibility, rather than merely the possibility, that Enterprise is liable for the alleged misconduct. *Iqbal*, 556 U.S. at 677; *see also Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010). Plaintiff's Complaint fails to meet this threshold with his discrimination claims, and his Complaint should thus be dismissed.

First, both Title VII and the MFEPA require a party to exhaust his administrative remedies before filing suit. *See Fort Bend Cnty., Texas v. Davis*, 587 U.S. 541, 543 (2019) (As a precondition to the commencement of a Title VII action in court, a complainant must first file a charge with the [EEOC]"); *Bush v. Frederick Cnty. Pub. Sch.*, 2024 WL 639255, at *3 (4th Cir. 2024) ("Both Title VII and the Maryland Fair Employment Practices Act require a plaintiff alleging employment discrimination to exhaust administrative remedies before filing their lawsuit, or else the claim is time barred."). While not a jurisdictional bar, it is a mandatory requirement that must be met before a case can proceed.

Here, Plaintiff fails to allege that he exhausted his administrative remedies. Indeed, there is no mention of an administrative charge ever having been filed or reviewed by the EEOC or Maryland Commission on Civil Rights. Where, as here, the "merits of the defense can be fully adjudicated by looking at the face of the complaint" dismissal for failure to exhaust is permissible under Rule 12(b)(6). *L.N.P. v. Kijakazi*, 64 F.4th 577, 586 (4th Cir. 2023). Plaintiff's discrimination claims under Title VII and the MFEPA should be dismissed because he failed to exhaust his administrative remedies.

Second, dismissal of Plaintiff's claims for discrimination is warranted because Plaintiff fails to assert facts establishing the *plausibility* of a discrimination claim. "Absent direct evidence, the elements of a prima facie case of discrimination under Title VII are: (1) membership in a

protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class."[2] *Coleman v. Maryland Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd,* 566 U.S. 30 (2012).  Plaintiff fails to establish a plausible basis for the allegation that he is similarly situated to Ms. Ross or that race or gender was the true basis for his termination.

As the Fourth Circuit has repeatedly held, "[t]he similarity between comparators and the seriousness of their respective offenses must be clearly established in order to be meaningful." *Lightner v. City of Wilmington,* 545 F.3d 260, 265 (4th Cir. 2008).  This requires there be "sufficient commonalities on the key variables between the plaintiff and the would-be comparator to allow the type of comparison that, taken together with the other prima facie evidence, would allow a jury to reach an inference of discrimination."  *Crosby v. United Parcel Service, Inc.*, 2022 WL 2344102 (D. Md. 2022) (quoting *Swaso v. Onslow Cnty. Bd. of Educ.*, 698 F. App'x 745, 748 (4th Cir. 2017)).

This principle was applied in *Coleman, supra*.  There, the Fourth Circuit affirmed the dismissal of a Title VII claim.  626 F.3d at 190.  While the plaintiff asserted as a comparator a "white person who was not disciplined despite having 'outside business involvements,'" the court concluded that dismissal was warranted because there was no allegation that the impropriety of the "outside business involvements" was comparable to the acts the plaintiff was alleged to have committed.  *Id.* at 191.  *See also Manning v. Foodarama Inc.*, 195 F. Supp. 2d 741, 745 (D. Md. 2002) (allegations that employee terminated for fighting was treated disparately in comparison to

---

[2] "Maryland courts routinely look to Title VII cases to determine the scope of liability under Title 20." *Bishop v. Bd. of Educ. of Calvert Cnty*, 2011 WL 2651246, at *9 (D. Md. July 5, 2011), *aff'd*, *Bishop v. Bd. of Educ. for Calvert Cnty. Pub. Sch.*, 466 F. App'x 261 (4th Cir. 2012).  Thus, the analysis under the MFEPA is the same.

two other employees who purportedly engaged in a fight two years earlier were "insufficient to allow a reasoned conclusion that the two instances are comparable"); *Duggan v. Sisters of Charity Providence Hospitals*, 663 F. Supp. 2d 456, 468 (D.S.C. 2009) (male CRNA terminated for using profanity in the presence of patients and their families could not establish comparator evidence simply by asserting that female CRNAs also used profanity given that "there is absolutely no evidence that any of the female CRNAs used profanity or abusive language where patients or their families could hear it.").

Plaintiff's claim is similarly flawed. Plaintiff acknowledges that *he* initiated the use of profanity "out of frustration" in speaking with one of his coworkers over the phone. Compl. ¶ 13. That the coworker may have, in a subsequent text message, referred to him as an "ass" following the profanity that he used in speaking with her on the telephone does not make her a valid comparator. It is undisputed that *he* instigated the use of profanity, and that he did so on the telephone while speaking with the coworker, rather than simply responding in a written text message. Moreover, notably, Plaintiff fails to articulate the specific profanity that he directed at his coworker, and thus his allegation that her text message was comparable to the profanity he spoke is conclusory and not supported by any alleged facts. Plaintiff must provide actual facts to support the comparison and move his case beyond the speculative. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). As he has failed to do so, Plaintiff's claims of discrimination under Title VII, Section 1981, and the MFEPA should likewise be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Enterprise respectfully requests that the Court dismiss Plaintiff's case in its entirety.

Date: May 23, 2025 	Respectfully submitted,

               */s/ Edward Lee Isler*
              Edward Lee Isler, Bar No.  22332
              Micah E. Ticatch, Bar No. 21208
              John W. H. Harding
              ISLER DARE, P.C.
              1945 Old Gallows Road, Suite 650
              Vienna, Virginia 22182
              (703) 748-2690 (main)
              (703) 748 2695 (fax )
              eisler@islerdare.com
              mticatch@islerdare,com
              jharding@islerdare.com

              *Attorneys for Defendant*
              *Enterprise RAC Company of Maryland, LLC*

**CERTIFICATE OF SERVICE**

I certify that on this 23rd day of May, 2025, I caused a true and correct copy of the foregoing to be sent by United States and electronic mail to Plaintiff as follows:

>Kenyon Devon Ames
>1021 Elden Street
>Herndon, VA 20170
>kinghallmark@aol.com
>
>*Pro Se Plaintiff*

>  */s/ Edward Lee Isler*
> Edward Lee Isler, Bar No. 22332
> ISLER DARE, P.C.
> 1945 Old Gallows Road, Suite 650
> Vienna, Virginia 22182
> (703) 748-2690 (main)
> (703) 748 2695 (fax)
> eisler@islerdare.com
>
> *Attorney for Defendant*
> *Enterprise RAC Company of Maryland, LLC*