IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

USDC - GREENBELT
'25 JUN 5 PM 12:59

HD

Rcv'd by: _____

KENYON DEVON AMES,

Plaintiff,

v.

ENTERPRISE RAC COMPANY OF MARYLAND, LLC,

Defendant.

Civil Action No.: **8:25-cv-01585-DLB**

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

COMES NOW, Plaintiff Kenyon Devon Ames, and respectfully submits this Response in opposition to Defendant's Motion to Dismiss, and states as follows:



## I. INTRODUCTION

Plaintiff acknowledges that he did not file a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and, therefore, concedes that his federal discrimination claims under Title VII and 42 U.S.C. § 1981 must be dismissed for failure to exhaust administrative remedies.

However, Plaintiff respectfully requests that this Honorable Court deny Defendants request to dismiss his retaliation claim because it is independently viable under Maryland common law as a wrongful termination in violation of public policy. Plaintiff asserts that his termination was in retaliation for reporting workplace safety violations—an act that is protected under Maryland's public policy exception to the at-will employment doctrine.

## II. FACTUAL BACKGROUND

Plaintiff was employed by Defendant as a DOT driver from December 2022 until his termination on January 17, 2025. He had no record of disciplinary actions whether written or verbal, and consistently received positive performance evaluations, including a favorable review in December 2024.

In July 2024, Plaintiff raised a legitimate workplace safety concern: the absence of height clearance stickers on DOT trucks. After internal complaints were disregarded, he filed reports

with OSHA, MOSH, and the Virginia State Police. These actions constituted whistleblowing and were protected by Maryland public policy.

Shortly after, Plaintiff experienced heightened scrutiny and was eventually terminated for "improper employee conduct." Defendant's termination letter included the retaliatory and unsupported statement that "it also revealed additional instances in which you exhibited uncooperative, unprofessional, and unsettling/escalated behavior." There is no documentation or evidence to support these claims. If Plaintiff had truly engaged in such misconduct previously, he would have been terminated sooner, particularly given Maryland's at-will employment standard.

Plaintiff did use profanity during a conversation with Lindsay Ross but denies using any profanity toward the Area Manager. Furthermore, Plaintiff asserts that the Area Manager should not have been contacting him regarding the payment policy, and no clear company policy was cited to justify her demand. Plaintiff went to HR and asked, "Did I do anything wrong?", and HR also did not give any clear feedback on the broken policies that warranted the call to begin with.

The allegations that led to Plaintiff's termination were pretextual and exaggerated in retaliation for his protected whistleblowing activities. Plaintiff concedes that he did not follow every protocol perfectly, but the basis for his termination was disproportionate and clearly motivated by a desire to silence him.

**III. ARGUMENT**

**A. Plaintiff Has Stated a Valid Claim for Retaliatory Discharge Under Maryland Common Law**

Under Maryland law, wrongful termination in violation of public policy—commonly known as a "public policy" retaliation claim—is a recognized exception to the at-will employment doctrine. See Adler v. American Standard Corp., 291 Md. 31, 432 A.2d 464 (1981). This cause of action applies where the employee is terminated for exercising a clearly mandated public policy, including reporting safety violations.

Plaintiff's reporting of safety issues to state and federal authorities qualifies as such a public policy activity. The Maryland Court of Appeals has recognized that whistleblowing—particularly when it involves potential public safety—is protected under this doctrine. See Wholey v. Sears Roebuck & Co., 370 Md. 38 (2002). In Wholey, the Court stated that the public interest is served when employees report misconduct that threatens public safety or violates legal standards. That is exactly what Plaintiff did when he reported dangerous fleet conditions to OSHA and related entities.

The vague and generalized allegations of unprofessional behavior cited in the termination letter lack contemporaneous documentation and appear only after Plaintiff's protected whistleblowing activity, supporting a plausible inference of pretext. Plaintiff has sufficiently pled facts showing a causal connection between his protected activity and his termination, which satisfies the pleading standard.

**B. Federal Jurisdiction Is Still Proper**

This Court retains supplemental jurisdiction over Plaintiff's state-law retaliation claim pursuant to 28 U.S.C. § 1367(a), which allows federal courts to hear state claims that are "so related to

claims in the action within such original jurisdiction that they form part of the same case or controversy."

Even though Plaintiff concedes his federal discrimination claims, his wrongful termination claim under Maryland law arises from the same nucleus of operative fact—the events surrounding his OSHA complaint and subsequent termination. It would promote judicial economy, fairness, and convenience to continue this matter in federal court.

Moreover, Plaintiff respectfully asks the Court to allow this case to proceed so that discovery may illuminate the motivations behind his termination and reveal whether there was a pretextual clause.

**C. Dismissal at This Early Stage Is Improper**

Federal Rule of Civil Procedure 12(b)(6) requires dismissal only when a plaintiff fails to state a claim upon which relief can be granted. However, at this preliminary stage, the Court must accept all well-pleaded allegations as true and construe them in the light most favorable to the plaintiff. See Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).

Plaintiff has alleged sufficient facts to state a plausible claim for retaliatory discharge. Whether the alleged misconduct by Plaintiff justifies termination is a fact-intensive inquiry that is inappropriate for resolution at the motion-to-dismiss stage. Courts are generally reluctant to dispose of retaliation claims before discovery unless they are clearly baseless on their face—which this is not.

**IV. CONCLUSION**

Plaintiff respectfully concedes dismissal of his federal discrimination claims but strongly urges the Court to preserve his Maryland common law retaliation claim. Plaintiff has plausibly alleged that his termination was motivated by retaliatory animus in response to his protected whistleblowing activity—a matter that warrants factual development through discovery.

Accordingly, Defendant's Motion to Dismiss should be granted in part and denied in part.

**WHEREFORE, Plaintiff respectfully requests that this Court:**

1. Dismiss the federal discrimination claims;

2. Deny dismissal of Plaintiff's Maryland common law retaliation claim;

3. Retain supplemental jurisdiction over the remaining state law claim pursuant to 28 U.S.C. § 1367; and

4. Grant such other and further relief as justice may require.

Respectfully submitted,

*/s/ Kenyon Ames*

Kenyon Devon Ames

Pro Se Plaintiff

[1021 Elden Street Herndon, VA 20170]

[kinghallmark@aol.com]

[240-750-8040]

Date: June 5, 2025