UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| **KENYON DEVON AMES,** ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | Case No. 8:25-cv-01585-DLB |
| ) | |
| **ENTERPRISE RAC COMPANY** ) | |
| **OF MARYLAND, LLC** ) | |
| ) | |
| *Defendant.* ) | |
| ) | |

**REPLY IN SUPPORT OF MOTION TO DISMISS**

Defendant Enterprise respectfully submits this Reply Brief in further support of its Motion to Dismiss. For the reasons set forth below, Enterprise requests that all of Plaintiff's claims be dismissed with prejudice.

**A.  Plaintiff's Title VII and MFEPA Claims Must Be Dismissed.**

As an initial point, Enterprise appreciates Plaintiff's candor in acknowledging that, with respect to his claims under Title VII of the Civil Rights Act of 1964 and the Maryland Fair Employment Practices Act, he did not exhaust his administrative remedies. Given this, both Plaintiff's Title VII and MFEPA claims must be dismissed.

In the same spirit of candor, Enterprise wishes to note that Plaintiff wrongly stated in his Opposition that his Section 1981 claim should likewise be dismissed for failure to exhaust administrative remedies. That is not true and Enterprise has not made that assertion. Rather, although (as outlined below) Plaintiff's Section 1981 claims are deficient in other respects, Section 1981 claims do not require a party to exhaust administrative remedies. *See Sillah v. Burwell*, 244 F. Supp. 3d 499, 511 n. 11 (D. Md. 2017) ("Unlike race-based Title VII claims,

1

however, a plaintiff need not exhaust administrative remedies under § 1981."). Consistent with their obligations as officers of the Court, undersigned counsel informed Plaintiff of his misunderstanding regarding Section 1981.

In light of Plaintiff's admission, Enterprise believes there are three remaining issues for the Court to decide on Enterprise's Motion to Dismiss: (i) whether Plaintiff's retaliation claim must be dismissed because the Occupational Safety and Health Act ("OSH Act") does not provide a private right of action for retaliation; (ii) whether Plaintiff in his Opposition can transform his OSH Act retaliation claim into a common law abusive discharge claim and, if so, whether Plaintiff states a cause of action; and (iii) whether Plaintiff states a cause of action under Section 1981. As shown below, even reading the facts in the light most favorable to Plaintiff, none of these claims can survive this Motion.

**B.      Plaintiff's Retaliation Claim Is Flawed as OSH Act Has No Private Right of Action.**

As fully explained in Enterprise's Memorandum in Support (Dkt. No. 10-1), Plaintiff's purported claim alleging retaliation under the OSH Act fails to state a claim upon which relief can be granted because it is well-established that the statute does not provide a private right of action. *See* 29 U.S.C. § 660(c). In his Opposition, Plaintiff does not respond to Enterprise's argument that no such cause of action exists, and he has thus conceded this argument. *See Ferdinand-Davenport v. Children's Guild,* 742 F. Supp. 2d 772, 777 (D. Md. 2010) (dismissing plaintiff's Title VII discriminatory discharge claim because plaintiff failed to respond to defendant's argument); *Mentch v. E. Sav. Bank, FSB*, 949 F. Supp. 1236, 1247 (D. Md. 1997) ("[Plaintiff] has abandoned her harassment claim by failing to address that claim in her opposition to ESB's motion for summary judgment"). Plaintiff's *pro se* status does not change this result. *See Sewell v. Strayer University*, 956 F. Supp. 2d 658, 674 (D. Md. 2013) ("[Plaintiff] fails to respond to [Defendant's]

arguments … Plaintiff therefore has abandoned her Section 1981 claims…"). Thus, Plaintiff's OSH Act retaliation claim must be dismissed.

C.     **Plaintiff's Common Law Abusive Discharge Claim Fails.**

Perhaps recognizing the futility of his OSH Act retaliation claim, Plaintiff, in his Opposition, for the first time asserts a "public policy retaliation claim" and requests that the Court allow that claim to move forward. As an initial point, this is not permitted because "[i]t is well-established that parties cannot amend their complaints through briefing." *Davis v. Mabus*, 162 F. Supp. 3d 467, 482 (D. Md. 2016) (quoting *Southern Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir.2013)). Thus, the Court should not consider Plaintiff's new claim.

Even if the Court allowed Plaintiff's common law claim to move forward, Plaintiff's claim still fails. First, the tort of wrongful (or abusive) discharge is extremely narrow. "An employee asserting that he was wrongfully discharged must specifically identify the clear mandate of Maryland public policy that was violated by his termination." *Cooper v Baltimore Gas and Electric Co.*, 2024 WL 3849526 (D. Md. 2024) (quoting *Szaller v. American National Red Cross*, 293 F.3d 148, 151 (4th Cir. 2002)). Further, "Maryland courts have stressed that in order for a mandate of public policy to be well-established enough to form the basis of a wrongful discharge action, there 'must be a preexisting, unambiguous, and particularized pronouncement, by constitution, enactment, or prior judicial decision, directing, prohibiting, or protecting the conduct in question so as to make the public policy on the relevant topic not a matter of conjecture or interpretation.'" *Id.* (*quoting Porterfield v. Mascari II, Inc.,* 788 A.2d 242, 245 (2002).

Here, Plaintiff's activity would not fall within this limited exception. According to his Opposition, in looking at the allegations of the Complaint, Plaintiff's claim is premised upon his

subjective belief that the trucks he was driving for Enterprise should have a sticker identifying the height of the vehicle.  Compl. ¶ 6.  After Enterprise investigated, Plaintiff was informed that his concerns were unfounded as there was no legal requirement to maintain such stickers.  *Id.* ¶ 7-8.  Dissatisfied with that response, Plaintiff purportedly raised his concerns also with the federal Occupational Safety and Health Administration, the Maryland Occupational Safety and Health Administration and the Virginia State Police. *Id.* ¶ 9.  According to his own Complaint, those agencies also found his concerns to be unsubstantiated.  *Id.*  Indeed, nowhere in either his Opposition or his Complaint does Plaintiff "specifically identify the clear mandate of Maryland public policy that was violated by his termination."  Without such a showing, Plaintiff's wrongful discharge claim is fatally deficient and must be dismissed.

Plaintiff's common law wrongful discharge claim also fails because under the tort of abusive discharge, "the employee must be discharged, the basis for the employee's discharge must violate some clear mandate of public policy, and <u>there must be a nexus</u> between the employee's conduct and the employer's decision to fire the employee.") (emphasis added).  Here, there is no support for Plaintiff's assertion that his reported concern about the lack of height stickers in July 2024 caused (or even was a factor) in his discharge.  Plaintiff's employment was terminated approximately seven months after Plaintiff's reported complaint about the lack of truck height stickers.  *See* Compl. ¶ 24.  In retaliatory discharge cases, the law is well-established that the "temporal nexus" between the alleged protected activity and the termination "must be 'very close' to establish causation." *Marshall v Univ. of Maryland Med.  Ctr.*, 2020 WL 5106788 (D. Md. 2020) (quoting *King v. Rumsfeld*, 328 F.3d 145, 151 n.5 (4th Cir. 2003) (finding that two months and two weeks separating the time between the protected activity and the plaintiff's termination was "sufficiently long so as to weaken significantly the inference of causation between the two

events"). Here, there was indisputably seven months between his expression of concern about the truck height stickers and his termination.

Moreover, the Complaint itself delineates the intervening events that led to his separation – namely, his use of profanity in speaking with a coworker. There is simply no causal connection between Plaintiff's reporting concerns about the absence of truck sticker heights and his termination. For this reason also, Plaintiff's abusive discharge claim fails, and Enterprise respectfully requests that this claim be dismissed with prejudice.[1]

**D.      Plaintiff's Section 1981 Claim also Fails.**

Finally, Plaintiff's Section 1981 should be dismissed for failure to state a claim. "In the employment context, courts analyze claims of racial discrimination brought under [Section] 1981 consistent with those brought under Title VII of the Civil Rights Act of 1964. *Sillah v. Burwell*, 244 F. Supp. 3d 499, 511 (D. Md. 2017).

In *Silah*, the Court ultimately dismissed the plaintiff's 1981 claim because the plaintiff failed to "plead sufficient facts showing the more favorably treated co-workers were true comparators in that the co-workers held the same position, performed the same work, and were supervised by the same individuals as Plaintiff." *Id.* at 512-513. For the reasons discussed more fully in the Memorandum in Support, Plaintiff fails to establish a plausible basis for the allegation that he is similarly situated to Ms. Ross or that race was the true basis for his termination. Thus, his Section 1981 claim must also be dismissed.

---

[1] It is worth noting that even if the federal claims asserted by Plaintiff in the Complaint are dismissed, this Court retains jurisdiction over his purported state law wrongful discharge claim as this case was removed on grounds of both federal question jurisdiction *and* diversity jurisdiction. See ECF 1 (Notice of Removal), ¶¶ 8-11.

**CONCLUSION**

For the foregoing reasons, Enterprise respectfully requests that the Court dismiss Plaintiff's case in its entirety.

Date: June 19, 2025

Respectfully submitted,

  /s/ Edward Lee Isler
Edward Lee Isler, Bar No.  22332
Micah E. Ticatch, Bar No. 21208
John W. H. Harding
ISLER DARE, P.C.
1945 Old Gallows Road, Suite 650
Vienna, Virginia 22182
(703) 748-2690 (main)
(703) 748 2695 (fax )
eisler@islerdare.com
mticatch@islerdare,com
jharding@islerdare.com

*Attorneys for Defendant*
*Enterprise RAC Company of Maryland, LLC*

## **CERTIFICATE OF SERVICE**

I certify that on this 19th day of June, 2025, I caused a true and correct copy of the foregoing to be sent by United States and electronic mail to Plaintiff as follows:

>Kenyon Devon Ames
>1021 Elden Street
>Herndon, VA 20170
>kinghallmark@aol.com
>
>*Pro Se Plaintiff*

>  /s/ Edward Lee Isler
>Edward Lee Isler, Bar No. 22332
>ISLER DARE, P.C.
>1945 Old Gallows Road, Suite 650
>Vienna, Virginia 22182
>(703) 748-2690 (main)
>(703) 748 2695 (fax)
>eisler@islerdare.com
>
>*Attorney for Defendant*
>*Enterprise RAC Company of Maryland, LLC*

7